IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

AMANDA MICHELLE FOUST,                                                      PLAINTIFF

v.                              Civil No. 1:24-CV-01082-SOH-BAB

OFFICER JONATHAN TUBBS, Assistant
Jail Admin.; and CAMERON OWENS, Jail
Admin.                                                                       DEFENDANTS

## REPORT AND RECOMMENDATION OF A MAGISTRATE JUDGE

Plaintiff Amanda Michelle Foust initiated a civil rights complaint pursuant to 42 U.S.C. § 1983 generally asserting that her conditions of confinement at the Ouachita Count Detention Center ("OCDC") violated her constitutional rights.[1]  *See* (ECF No. 1).  Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP").  (ECF No. 10).  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, United States District Court Chief Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  This matter is currently before the Court on Plaintiff's failure to comply with court orders and failure to prosecute this case.

## BACKGROUND

Plaintiff initially filed this action in the Eastern District of Arkansas.  (ECF No. 1).  United States District Court Judge Lee P. Rudofsky of the Eastern District of Arkansas transferred this matter to this District in the interests of justice pursuant to 28 U.S.C. § 1406(a).  (ECF No. 3). Upon receipt, this Court ordered Plaintiff to either pay the filing fee associated with this action or to submit a complete *in forma pauperis* ("IFP") application by December 5, 2024, failing which

---

[1] Plaintiff was an inmate at the Ouachita County Detention Center ("OCDC") during the events giving rise to her claims.  (ECF No. 1).  Her current whereabouts are unknown. *See* (ECF No. 35).

1

this matter would be subject to dismissal for failure to comply with court orders.  (ECF No. 7).  That Order also directed Plaintiff to submit an amended complaint on the court-approved § 1983 form by that same deadline.  *Id.*  This Order was not returned as undeliverable.

On November 26, 2024, Plaintiff submitted an IFP application, (ECF No. 8), and on December 2, 2024, Plaintiff filed the Amended Complaint, as directed, (ECF No. 9).  On December 10, 2024, this Court granted Plaintiff's application to proceed IFP.  (ECF No. 10).  That Order also directed Plaintiff to provide her updated contact information within 30 days of any such change, failing which this matter would be subject to dismissal.  *Id.*  Upon preservice review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A(a), this Court recommended that Plaintiff's claim proceed against Defendants Owens and Tubbs in their individual capacities alleging that they knew about the presence of black mold in the showers but nevertheless failed to properly address it and that all other claims be dismissed without prejudice.  (ECF No. 12).  Consistent with these recommendations, the Court ordered that the Amended Complaint be served on Defendants Tubbs and Owens.  (ECF No. 13).  Judge Hickey later adopted those recommendations without objection.  (ECF No. 26).

Court records reflect that the summons was returned executed on Defendant Owens on February 7, 2025.  (ECF No. 16).  On March 4, 2025, Defendant Owens requested to file his Answer out of time.  (ECF No. 17).  That motion was granted, and Defendant Owens was ordered to file his Answer by March 7, 2025.  (ECF No. 19).  On March 6, 2025, Defendant Owens filed an Answer and provided Defendant Tubbs's last known address under seal.  (ECF Nos. 20 & 21).  That same day, this Court ordered the Amended Complaint be served on Defendant Tubbs at that address.  (ECF No. 23).  On April 4, 2025, Defendant Tubbs's summons was returned unexecuted

2

with the note, "returned by USPS, marked return to sender, not known, unable to forward." (ECF No. 27).

On April 7, 2025, this Court ordered Defendant Owens to either file a motion for summary judgment on the issue of whether Plaintiff properly exhausted her administrative remedies before initiating her lawsuit in accordance with 42 U.S.C. § 1997e(a) by June 6, 2025, or promptly file a notice saying that he did not intend to rely on that defense at trial. (ECF No. 28). The next day, this Court ordered Plaintiff to provide a service address for Defendant Tubbs by May 6, 2025, failing which the claims against Defendant Tubbs would be subject to dismissal for lack of service. (ECF No. 29). This Order was not returned as undeliverable. But Plaintiff did not respond by the deadline provided. Accordingly, this Court ordered Plaintiff to show cause why the claims against Defendant Tubbs should not be dismissed without prejudice. (ECF No. 30). The show cause response was due by May 30, 2025. *Id.*

On June 4, 2025, Defendant Owens submitted a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, including a memorandum and statement of facts in support. (ECF Nos. 32-34). That same day, Plaintiff's mail—namely, the returned unexecuted summons on Defendant Tubbs—was returned as undeliverable with no new address available. (ECF No. 35). Plaintiff's updated contact information was due by July 7, 2025. *Id.* The next day, this Court ordered Plaintiff to respond to Defendant Owens's Motion for Summary Judgment by June 26, 2025, and provided instructions on how to respond. (ECF No. 36). On June 9, 2025, the Court's order to show cause was returned as undeliverable with the note: "return to sender, not deliverable as addressed, unable to forward." (ECF No. 37). On June 17, 2025, the Court's order directing Plaintiff to respond to Defendant Owens's Motion for Summary Judgment was returned as undeliverable with the note: "RTS, no longer here, return to sender, not deliverable as addressed,

3

unable to forward." (ECF No. 38).  More than 30 days have now elapsed since Plaintiff's mail was first returned to the Court as undeliverable and Plaintiff has not provided any updated contact information or communicated with the Court in any way.

## LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Further, pursuant to Federal Rule of Civil Procedure 41(b), the district court has discretion to dismiss an action for "failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order." *See* Fed. R. Civ. P. 41(b); *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam).

## ANALYSIS

Here, Plaintiff has failed to comply with at least four court orders—the Order granting Plaintiff's IFP application and directing her to provide updated contact information within 30 days of any such change, (ECF No. 10), the Order directing her to provide service information for Defendant Tubbs, (ECF No. 29), the Show Cause Order, (ECF No. 30), and the Order directing a response to Defendant Owens's Motion for Summary Judgment, (ECF No. 36).  Plaintiff's mail, moreover, is being returned as undeliverable, but she has not provided any updated contact

information, as ordered. *See* (ECF No. 35). In fact, Plaintiff has failed to communicate with this Court in any way about her case since she submitted an Amended Complaint over seven months ago. *See* (ECF No. 9). Plaintiff, therefore, has failed to comply with court orders and has failed to provide any excuse for her noncompliance. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), this Court recommends that this matter be **DISMISSED WITHOUT PREJUDICE**.

## CONCLUSION

In sum and for all the reasons outlined above, therefore, **IT IS RECOMMENDED THAT** this matter be **DISMISSED WITHOUT PREJUDICE.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**STATUS OF REFERRAL: No longer referred.**

DATED this 10th day of July 2025.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE